Frankenstein v. Goodale et al. [26 N. P. (N.S.)

## VALIDITY OF THE MODIFIED LEASE OF THE CINCINNATI SOUTHERN RAILWAY.

Common Pleas Court of Hamilton County.

ELI G. FRANKENSTEIN, ETC., v. LEVI C. GOODALE ET AL.

Decided November 27, 1927.

*Railways—Questions Pertaining to Lease of a Road Owned By a City—Is Not a Lending of the Credit of the City, or the Making of the City a Stockholder or Partner of the Lessee Company, When.*

The recently modified and extended lease of the Cincinnati Southern Railway is held to be in accordance with precedents established by the courts during a period of almost half a century, and is not open to attack on constitutional grounds; and all questions as to its wisdom are foreclosed, so far as the courts are concerned, by the referendum vote of the people who own the road.

*Eli J. Frankenstein,* pro se.
*Edward Colston,* for defendant.

STRUBLE, J.

The court feels that it understands the questions involved in this case and will make its decision at the present time. This will save counsel the trouble of preparing briefs. Counsel in their oral arguments have covered all the points involved, and inasmuch as there is nothing new to be presented by briefing the case the court may as well announce its decision from the bench.

The several claims or objections to the proposed modification and extension of the present lease of the Cincinnati Southern Railway fundamentally considered are to be classified first, as denials of the power of the city to enter into the proposed modification and extension of the present lease; and second, to the policy of doing so according to the proposed terms; and third, the procedure whereby the city and the railway propose to do so.

Considering first, as to the power: Counsel for the plaintiff claims that the proposed contract of modification and extension is in effect a granting of the credit of the city to the Lessee Co. the Cincinnati, New Orleans and Texas Pacific Railway; and second, that the proposed extension will make the city of Cincinnati a stockholder

of said Lessee company, and third a partner of the Lessee company.

The court feels that the aforesaid claims of counsel for plaintiff are untenable.

The power of the city to acquire, own and manage the Cincinnati Southern Railway has been in question before the courts on numerous occasions and has been settled by authoritative decisions of this state. The city of Cincinnati in the proposed contract of modification and extension is not making a new lease, but is merely agreeing to a modification of certain terms of the old lease, the validity of which has been affirmed as constitutional and legal by the courts of last resort of this state. The proposed modification of the original lease is merely an extension of the term of such lease in consideration of an additional rental for this property.

The claim that this modification is a loaning of the credit of the city to the Lessee company, and makes the city a stockholder of said company, and a partner of said company, were asserted as objections to the original lease as well as to the first modification of the original lease and were fully considered by the several courts in the litigation as to the original lease and the first modification. So that all of the questions that relate to the power of the city to manage this property in the form of a lease, and to own the property, and issue the bonds of the city to pay for the same have been adjudicated and settled by authoritative decisions of this state.

According to these decisions the city in what it is doing in this proposed modification and extension of the present lease is not loaning the city credit to the Lessee company, nor is it becoming a stockholder of the Lessee company, nor is it becoming a partner of the Lessee company in the operation of this road.

The claim that the city is becoming a partner of the Lessee company by force of this proposed contract is based upon a provision of the lease providing for an increased rental equivalent to certain proportions of the net earnings from this property for certain periods of the lease. It will be noted by the language used that the city is not to have a percentage of the profits, but it is to

have as an additional rental the equivalent of a certain percentage of the profits for several periods mentioned in the proposed lease.  The provision merely provides a rule whereby to determine the additional rental the city is to have for the periods specified in the proposed lease.

The authorities and decisions quoted from by counsel for plaintiff in his oral argument as to the general proposition as to what constitutes a loan of the credit of the city, and would make the city a stockholder, or a partner in a particular enterprise, are of no value in passing upon the question involved in this case because the questions have all been settled as they relate to the Cincinnati Southern Railway.  The Cincinnati Southern Railway as Colonel Colston very well said in his argument, is a thing apart; it has in fact an individuality and character of its own, in that it is a municipally owned property, and as to the Cincinnati Southern Railway all those questions have been fully and finally adjudicated.

As to the policy of the city in entering into the proposed modification and extension of the original lease counsel's claim is that the consideration—that is the rental which the city is to receive by force of the new arrangement, is inadequate and is in violation of the orders of the Ohio utilities commission, which counsel claims requires that property of this character is entitled to an earning equivalent to six per cent. on its valuation, which valuation counsel claims has been agreed to be approximately forty-eight millions of dollars, by the Interstate Commerce Commission for rate making purposes.

Counsel in support of this claim is presenting arguments that might have been very proper to submit to the people at the election for their approval or disapproval of the proposed modification; but such arguments are to have no weight with the court because it is not the function of the court to pass upon the wisdom or unwisdom of the proposed modification.  This property belongs to the people of Cincinnati, and it is for them to determine whether or not this rent is adequate or inadequate, or whether it is wise or unwise to enter into this proposed contract. As I understand the matter the city can do with this property whatever it pleases.  If the people want to

they can sell this property, or rent it on such terms as they may think proper, or the people can give this property away if they want to providing they proceed according to the procedure provided by the statutes. Whether or not in the proposed modification the city of Cincinnati is accepting an inadequate rent is something about which the court is not concerned. It is a valuable consideration, and if the people have made a bad bargain they made it with their eyes open and they will have to suffer the consequences, as it is not within the province of the court to consider any such claim.

As to the claim that this property must bring six per cent. income on its valuation according to the rules of the Ohio Utilities Commission, the court's judgment is that the Ohio Commission has no jurisdiction of this property for rate making purposes, and its rules and regulations would have no application to the situation involved in this litigation.

The Cincinnati Southern Railway is engaged in interstate commerce and is subject to the rules of the Interstate Commerce Commission, and as I look at the matter the Ohio Utilities Commission has no jurisdiction or control over this property.

Now as to the procedure whereby the city of Cincinnati and the Cincinnati, New Orleans and Texas Pacific Railway Company are making this contract of modification and extension, the court will say that it concludes that the proper procedure is being followed by the parties to this proposed contract. Counsel's contention that the Interstate Commerce Commission must approve the proposed extension prior to the matter being submitted for the approval of the people, is untenable in the court's view of the matter. It seems to be conceded that the Interstate Commerce Commission must give its approval of the proposed contract before it becomes binding upon the parties. The proposed contract itself contains a provision requiring the Cincinnati, New Orleans and Texas Pacific Railway to make application and secure the approval of the commission. This will be done in due time and before the final execution of the contract between the parties.

The claim of counsel that the Interstate Commerce Com-

mission might refuse to approve the proposed contract, or require substantial changes in the terms of the contract, is of no concern to this court at this time. The court does not care to cross bridges before it comes to them. The terms and conditions of the proposed contract have all been tentatively agreed upon between the parties, and it was this particular contract that was submitted to the people on the eighth of November and of which they gave their approval. If it is an absolute condition that this agreement must be approved by the Interstate Commerce Commission and if this Commission fails to give its approval, why then that ends the matter, as the parties would be unable to effect that particular agreement.

And if the Commission should order substantial changes in the terms of the proposed contract, then the court assumes that the parties would not proceed with the execution of the agreement as tentatively agreed upon, but would comply with the orders of the Commission and take such procedure as would be in accordance with the necessary legal requirements. And of course if this required a re-submission of the question to the people that would be done. But as I said before as to these contentions of counsel for plaintiff, he is but seeking to have the court cross bridges before it comes to them.

There is one other contention, and that is that the proposed contract provides for an extension of the term of the lease beyond the time authorized by the states of Kentucky and Tennessee, the claim being made that the consent of Kentucky and Tennessee for the operation of this road through these states expires in about forty-two years while the proposed lease is an extension beyond this time of approximately fifty-seven years. As to this claim, the tentative contract provides for this contingency. If the states of Kentucky and Tennessee fail to give their consent to the operation of this road beyond the present term, then by the provisions set forth in the tentative agreement each of the parties are released from any liability to each other. Terms to that effect have been incorporated in the proposed contract.

The parties to this agreement, including the city of Cincinnati and the Cincinnati, New Orleans and Texas Pacific

Railway Company are capable and responsible parties, represented by able counsel, and if they want to enter into a bargain of this kind with the contingencies suggested before them, it seems to this court they have a perfect right to do so.   Anyway it is for the parties to make their own bargains; this court has no right to change the bargain, or make a new contract, or insist on new terms or conditions in the proposed contract.

The injunction will be denied. Notice of appeal given.